**Juan Francisco BARAHONA-SALGUERO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–71981.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 2, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Jorge I. Rodriguez–Choi, Esq., Attorney at Law, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Kristin A. Cabral,

R.App. P. 34(a)(2).

Esq., David E. Dauenheimer, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Juan Francisco Barahona–Salguero, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an immigration judge's denial of his application for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the agency's decision unless the evidence compels a contrary conclusion. *Santos–Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008). We deny the petition.

Substantial evidence supports the agency's finding that Barahona–Salguero failed to establish past persecution. Barahona–Salguero failed to establish that he suffered persecution due to any connection to his uncles and cousins, *see Molina–Estrada v. INS*, 293 F.3d 1089, 1095 (9th Cir.2002); the government workers' attempt to recruit Barahona–Salguero on his university campus did not rise to the level of persecution, *see Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000); and the record does not compel the conclusion that the incident in which someone shot at Barahona–Salguero's cousin's car while he was a passenger constituted persecution on account of a protected ground, *see Molina–Estrada*, 293 F.3d at 1095. Barahona–Salguero's claim of a well-founded fear of

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

future persecution fails because he testified that conditions in Guatemala had improved in some respects, and that he did not know why the Guatemalan government would pursue him if he returned. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1095–96 (9th Cir.2002). Accordingly, his asylum claim fails.

Because Barahona–Salguero failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. *See Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir.2000).

Barahona–Salguero's contention that the BIA issued a boilerplate decision is not borne out in the record.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.